# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**DONNIE COLLINS**,

       Petitioner,

v.

**T. STEWART, Warden,**

       Respondent.

**Civil Action No.: 5:16cv52
(Judge Stamp)**

## ORDER OF DISMISSAL

On April 18, 2016, the *pro se* Petitioner, Donnie Collins, an inmate incarcerated at FCI Cumberland, which is located in Cumberland, Maryland,, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petitioner was convicted in the United States District Court for the Northern District of West Virginia of being felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1). Subsequently, it was determined that the Armed Career Criminal Act ("ACCA"), 21 U.S.C. § 924(e)(1) applied, and he was sentenced to a term of imprisonment of 188 months. In his pending § 2241, the Petitioner challenges his sentence enhancement in light of the United States Supreme Court's recent decision in <u>Johnson v. United States</u>, 135 S.Ct. 2551 (2015). The Court notes that The Petitioner also has a Motion to Vacate pursuant to 28

1

U.S.C. § 2255 pending with the sentencing court in which he alleges a number of errors including his ACCA enhancement, but he does not cite Johnson.

In Johnson, the Supreme Court considered a provision of the ACCA that creates a sentencing enhancement for possessing a firearm in the commission of a federal felony when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. § 924(e)(1); see id. § 922(g). The ACCA defines a "violent felony" as a crime punishable

> …by imprisonment for a term exceeding one year… that
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***

18 U.S.C. § 924(e)(2)(B)(emphasis added).

The closing words of this definition, bolded and italicized above, have come to be known as the Act's residual clause. In Johnson, the Supreme Court held that imposing an increased sentence under the residual clause violated due process. 135 S.Ct. at 2555-2563.

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether Johnson applied retroactively to the sentences of defendants whose convictions had become final. Welch v. United States, 136 S.Ct. 790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that Johnson changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that

Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, 136 S.Ct. 1257 (2016).

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Section 2255 is the appropriate method for a federal prisoner to challenge his conviction or the imposition of his sentence. Adams v. United States, 372 F.3d 132, 134 (2nd Cir. 2004); see In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Conversely, Section 2241 is the proper method for challenging the execution of a sentence. Adams at 135; see In re Jones, at 332-33. In a §2241 petition, a prisoner may seek relief from the administration of his parole, computation of his sentence, disciplinary actions taken against him, or the type of detention and conditions in the facility where he is housed. Adams at 135.

A federal prisoner attacking the validity of his conviction and sentence may utilize the provisions of § 2241, but only under the § 2255 "savings clause" when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). The Fourth Circuit has long held that:

> …§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[1]

---

[1] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

3

In Re: Byron Jones, 226 F.3d 328, 333-34.

Because the Supreme Court has announced that Johnson is a new rule of constitutional law made retroactive to cases on collateral review, the Petitioner cannot demonstrate that §2255 is inadequate or ineffective to test the legality of his detention because he now meets the gate-keeping provisions of § 2255. Therefore, instead of seeking relief from this Court pursuant to § 2241[2], the Petitioner must seek relief from the sentencing court pursuant to § 2255. The one-year statute of limitations period of 28 U.S.C. § 2255(f)((3) for filing a claim relying on the Supreme Court's decision in Johnson expires on June 26, 2016.

For the foregoing reasons, it is hereby **ORDERED** that this matter be **DENIED** and **DISMISSED without prejudice** to the Petitioner's right to seek leave of Court to amend his pending § 2255 motion to raise a claim under Johnson.

---

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255; see Jones, 226 F.3d at 330.

[2] Even if the Petitioner could meet the savings clause, this Court does not have jurisdiction to entertain his § 2241. A writ of habeas corpus is directed to the person having custody of the person detained. See 28 U.S.C. §2243. Therefore, a "writ of habeas corpus does not act upon the prisoner who seeks habeas relief, but upon the person who holds him in . . . custody". Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 494 (1973). Thus, the proper respondent in a habeas action is the custodian of the prisoner. Rumsfeld v. Padilla, 542 U.S. 426, 434, 435 (2004)(the writ of habeas corpus acts upon the person with the ability to produce the prisoner's body before the habeas court, therefore, the only proper respondent is the petitioner's custodian). Consequently, a court cannot entertain a habeas corpus petition unless it has jurisdiction over the petitioner's custodian. Billiteri v. United States Bd. of Parole, 541 F.2d 938, 948 (2d 1976).

In this case, although the petitioner is challenging a sentence imposed in by the United States District Court for the Northern District of West Virginia, he is incarcerated at FCI Cumberland. Because said facility is within the jurisdiction of the United States District Court for the District of Maryland, jurisdiction lies with that court for a § 2241 petition.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 9, 2016

                                        */s/ Frederick P. Stamp, Jr.*
                                        FREDERICK P. STAMP. JR.
                                        UNITED STATES DISTRICT JUDGE